OPINION
{¶ 1} Defendant-appellant, Douglas Manuel, appeals his convictions in the Middletown Municipal Court for disorderly conduct and criminal damaging. We affirm appellant's convictions.
 {¶ 2} Appellant is a truck driver from Mt. Vernon, Washington. On October 8, 2002, appellant arrived at the AK Steel plant in Middletown, Ohio, to deliver a load from New York. When appellant attempted to enter the plant, Faye Hannebaum, a receiving clerk, informed him that he had arrived too late in the day to unload his truck.
 {¶ 3} Appellant returned the following morning, and Hannebaum directed him to the unloading area. After unloading his truck, an AK Steel supervisor told appellant that he wished he had known that appellant had arrived with the load the prior evening, because they really needed it at that time.
 {¶ 4} When appellant was leaving the plant, he informed Hannebaum as to what the supervisor told him. He also told her that because she had prevented him from unloading the prior evening, he was going to be late in arriving back at home to celebrate his anniversary with his wife. Hannebaum responded to appellant's comments by calling him an "asshole." Appellant then demanded to speak with Hannebaum's supervisor. Hannebaum dialed her supervisor's number and handed the phone to appellant through the window of the building. The supervisor was not available, so appellant requested to speak with another supervisor. At this time, Hannebaum demanded that appellant return the phone to her. Appellant then threw the receiver of the phone back through the window, striking Hannebaum in the hip. As appellant left the area, he told Hannebaum to "piss up a rope."
 {¶ 5} Appellant then got into his truck and attempted to leave the plant. When appellant stopped to pick up a receipt, Jason Mays, the security guard on duty, approached him and asked appellant if he could ask a question. Appellant responded by asking if he was being detained, and Mays told him that he lacked the authority to detain appellant. Appellant then requested that the gate be opened so he could leave, but Mays had instructed the gate operator not to open the gate until the police arrived. Appellant told Mays that if he did not open the gate, appellant would open the gate himself, and that he would break the gate arm if he had to. Mays told appellant to do whatever he had to do. Appellant subsequently lifted the gate arm until it snapped off. As appellant was attempting to leave the plant, Middletown Police officers stopped and arrested him.
 {¶ 6} Appellant was charged with assault, in violation of Middletown City Ordinance 636.02(A), a misdemeanor of the first degree, and with criminal damaging in violation of Middletown City Ordinance 642.10-1, a misdemeanor of the second degree. Following a bench trial, appellant was found not guilty of the assault charge, but was found guilty of the lesser included offense of disorderly conduct, a minor misdemeanor. Appellant was also found guilty of criminal damaging. He was given a ten day suspended jail sentence, a $150 fine and was ordered to pay $100 in restitution to AK Steel for the damaged gate. Appellant appeals his convictions, raising two assignments of error.
 Assignment of Error No. 1 {¶ 7} "THE TRIAL COURT'S JUDGMENT FINDING APPELLANT GUILTY OF DISORDERLY CONDUCT AND CRIMINAL DAMAGING WAS CONTRARY TO THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE, AND CONTRARY TO LAW."
 {¶ 8} In appellant's first assignment of error, he argues that the trial court erred in finding him guilty of disorderly conduct and criminal damaging, because the evidence presented by the state did not prove his guilt beyond a reasonable doubt. When an appellate court reviews a claim that a conviction is not supported by sufficient evidence, its inquiry focuses primarily upon the adequacy of the evidence. State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. In reviewing a claim for sufficiency, the court is to examine the evidence presented at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259, 263. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Statev. Carter, 72 Ohio St.3d 545, 553, 1995-Ohio-104.
 {¶ 9} Appellant was convicted of disorderly conduct, in violation of Middletown City Ordinance 636.02(A), which is essentially the same as R.C. 2917.11, which provides:
 {¶ 10} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 {¶ 11} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
 {¶ 12} "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person;
 {¶ 13} "(3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response;
 {¶ 14} "(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender;
 {¶ 15} "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."
 {¶ 16} Based on the evidence presented by the state, we find that appellant's conviction for disorderly conduct is supported by the sufficiency of the evidence. The evidence establishes that appellant caused a public disturbance by engaging in violent or turbulent behavior when he threw the receiver of the phone through the window of Hannebaum's office.
 {¶ 17} Appellant was also convicted of criminal damaging in violation of Middletown City Ordinance 642.10-1, which is essentially the same as R.C. 2909.06, which provides:
 {¶ 18} "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
 {¶ 19} "(1) Knowingly, by any means;
 {¶ 20} "(2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance."
 {¶ 21} Again, we find that the sufficiency of the evidence supports appellant's conviction. The evidence presented at trial indicates that appellant knowingly caused damage to the gate arm at the AK Steel plant without the consent of the property owner.
 {¶ 22} After viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find that the state proved each element of appellant's convictions beyond a reasonable doubt. Thus, appellant's convictions for disorderly conduct and criminal damaging were supported by the sufficiency of the evidence.
 {¶ 23} Next, appellant argues that his convictions were against the manifest weight of the evidence. In determining whether a conviction is against the manifest weight of the evidence, an appellate court must review all evidence presented, including all reasonable inferences that can be drawn from it and consider the credibility of the witnesses, to determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. However, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 24} Appellant argues that his conviction for disorderly conduct is against the manifest weight of the evidence based on his account of the confrontation with Hannebaum. Appellant testified that when Hannebaum requested that he return the phone to her, he placed the receiver of the phone on Hannebaum's desk. However, Hannebaum testified that he threw it at her through a window while he was standing outside the building. Considering this evidence, we cannot say that the court lost its way in choosing to believe Hannebaum's account of the confrontation. The court was in the best position to judge the credibility of the witnesses and to resolve the conflict in the testimony. Thus, appellant's conviction for disorderly conduct is not against the manifest weight of the evidence.
 {¶ 25} Further, appellant claims that his conviction for criminal damaging is against the manifest weight of the evidence because he broke the gate arm as a means of escaping false imprisonment. Appellant maintains that Mays improperly detained him by not allowing appellant to leave the premises of AK Steel. The record indicates that Mays instructed the gate operator to leave the gate arm lowered as to prevent appellant from leaving the premises before the police arrived.
 {¶ 26} In the context of a civil tort action for false imprisonment, a person is liable when he intentionally confines another without lawful privilege and against that person's consent within a limited area for any appreciable time. Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107, 109. However, a person is not confined when he is free to leave the premises. Walden v. General MillsRestaurant Group, Inc. (1986), 31 Ohio App.3d 11, 15. The record indicates that while appellant was unable to drive his truck through the gate when the arm was lowered, he was not prevented from walking under the gate arm or through any other exit at the plant.
 {¶ 27} Even if we recognized appellant's claim as a defense, he was not falsely imprisoned at the AK Steel plant. Furthermore, although false imprisonment is a defense in the civil context, appellant fails to cite to any authority, nor has our research revealed any authority that recognizes false imprisonment as a defense to the crime of criminal damaging. Under the facts of this case, we are not willing to recognize such a defense. Having reviewed the record, we conclude that the trier of fact did not create such a manifest miscarriage of justice that appellant's conviction for criminal damaging must be overturned.
 {¶ 28} For the above reasons, we find that appellant's convictions for disorderly conduct and criminal damaging are supported by the sufficiency of the evidence and are not against the manifest weight of the evidence. Accordingly appellant's first assignment of error is overruled.
 Assignment of Error No. 2 {¶ 29} "APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, TO THE PREJUDICE OF APPELLANT."
 {¶ 30} In appellant's second assignment of error, he argues that his trial counsel was ineffective for failing to object to the trial court's alleged bias or predisposition toward appellant. After the court stated its findings on the record, the court stated,
 {¶ 31} "*** I used to work out at the [AK Steel] mill in the summer time and at other times as well and working off labor reserve, you work in a lot of places including various shipping departments and I used to work with truck drivers. I know how difficult that is."
 {¶ 32} Appellant argues that in making this statement, the trial court demonstrated a bias against truck drivers based on his previous employment at AK Steel. Further, appellant maintains that his trial counsel was ineffective for failing to raise an objection or seek any other relief.
 {¶ 33} In order to establish a claim of ineffective assistance of counsel, appellant must show that his trial attorney's performance was deficient and prejudicial. Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052. This requires appellant to show that his counsel's effectiveness "fell below an objective standard of reasonableness." Id. at 688. In addition, appellant must show that he was prejudiced by his counsel's deficient performance. Id. at 687. Thus, appellant must show that there is a reasonable probability that but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694.
 {¶ 34} We find that appellant was not prejudiced by counsel's failure to raise an objection or request a new trial after the trial court's statement. This court is without the authority to determine issues of disqualification on the basis of a trial court's alleged bias or prejudice. Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-442. Such issues are to be decided by the Chief Justice of the Ohio Supreme Court. Id. However, the nature of the trial court's statement was not such that appellant's counsel acted outside the range of reasonable professional assistance by failing to raise an objection or request a new trial. Moreover, appellant has failed to show that the outcome of the trial would have been different had his trial counsel made such an objection or request. Thus, appellant's claim fails the Strickland test. Accordingly, appellant's second assignment of error is overruled.
 Judgment affirmed.
WALSH and POWELL, JJ., concur.